IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RICHARD BRIAN COLLUM, <br><br> Petitioner, <br><br> v. <br><br> LARRY BENZON, <br><br> Respondent. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS HABEAS-CORPUS PETITION** <br><br> Case No. 2:17-CV-892-RJS <br><br> District Judge Robert J. Shelby |

Petitioner, Richard Brian Collum, petitions for federal habeas relief. 28 U.S.C.S. § 2254 (2018). The Court has carefully considered the relevant documents and law. Now being fully advised, the Court concludes that Petitioner's petition is inexcusably untimely. See 28 *id*. § 2244(d)(1). The Court therefore DISMISSES the petition with prejudice.

## ANALYSIS

Federal law imposes "a 1-year period of limitation . . . to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 *id.* § 2244(d)(1). The period generally runs from the day "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* Petitioner did not appeal.

Utah requires a notice of appeal to be filed "within 30 days after the date of entry of the judgment or order appealed from." Utah R. App. P. 4(a). "Failure to timely file an appeal … constitutes a waiver of the right to appeal." *State v. Houskeeper*, 2002 UT 118, ¶ 23.

Petitioner's judgment was entered July 8, 2010. The last day he could have filed a timely notice of appeal was thirty days later--August 9, 2010. By statute, that is the day Petitioner's

conviction became final. The federal one-year limitation period began running on that date and expired on August 9, 2011. Petitioner filed his petition here on November 28, 2017, more than six years too late.

### A. Statutory Tolling

By statute, the one-year period may be tolled while a state post-conviction petition is pending. *See* 28 U.S.C.S. § 2244(d)(2) (2018). The law provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* However, a "state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (citation omitted); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (same). Because Petitioner did not file his state post-conviction case until June 24, 2013, it did not toll AEDPA's limitation period, which had already expired nearly two years before.

### B. Equitable Tolling

So, Petitioner has no ground for statutory tolling. He does, however, offer arguments for equitable tolling. He suggests that he was not told he could appeal; lacked legal resources; did not initially realize he may have a claim; was delayed by the allegedly state-created impediment of contract-attorney lack of help; and is actually innocent.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct.*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "'when a prisoner is actually innocent'" or "'when an

adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted)). And, Petitioner "has the burden of demonstrating that equitable tolling should apply." *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished).

**1. Extraordinary or Uncontrollable Circumstance**

Petitioner has generally "failed to elaborate on how [his] circumstances" affected his ability to bring his petition earlier. *Johnson v. Jones*, No. 08-6024, 2008 U.S. App. LEXIS 8639, at *5 (10th Cir. April 21, 2008). For instance, he has not identified how, between August 9, 2010 and November 28, 2017, he was continually and thoroughly thwarted by uncontrollable circumstances from filing. Nor has he detailed who and what would not allow him to file some kind of petition. He also does not hint what continued to keep him from filing in the more than six years beyond the limitation period or how extraordinary circumstances eased to allow him to file this habeas-corpus petition on November 28, 2017. Such vagueness is fatal to his contention that extraordinary circumstances kept him from a timely filing.

Still, Petitioner asserts that his lateness should be overlooked because he lacked legal resources, legal knowledge, and had only limited help and misinformation from prison contract attorneys. However, the argument that a prisoner "had inadequate law library facilities" does not support equitable tolling. *McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all relevant statutes and case law or

that the procedure to request specific materials was inadequate."). Further, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted). Finally, simply put, "'[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'" *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C.S. § 2254(i) (2017) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). It follows that Petitioner's contention that the prison contract attorneys' misinformation and lack of help thwarted his habeas filings does not toll the period of limitation. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.").

Petitioner has not met his burden of showing that--during the running of the federal period of limitation and well beyond--he faced extraordinary circumstances that stopped him from timely filing or took specific steps to "'diligently pursue his federal claims.'" *Id.* at 930. Petitioner thus has not established this first basis for equitable tolling.[1]

---

[1] Also, the "continuing wrong doctrine" Petitioner raises is inapplicable here. Petitioner appears to look at his ongoing incarceration--after alleged breaches of his constitutional rights--as the continuing wrong. But, first, he has never been able to prove that his rights were breached because of his untimely litigation of his claims. And, second, the alleged breaches took place during the time he was actively litigating his case; enough time has gone by since that active litigation that the period of limitation cut off his rights to litigate them further. His continued incarceration is therefore appropriate and not a "continuing wrong." Finally, such a doctrine would always thwart the period of limitation and thus makes no sense.

## 2. Actual Innocence

Equitable tolling is also available "when a prisoner is actually innocent." *Gibson*, 232 F.3d at 808 (citing *Miller*, 141 F.3d at 978). And, the evidence of actual innocence proffered must meet all three criteria: (1) new, (2) reliable, and (3) so probative and compelling that no reasonable juror could find guilt. *See Schlup v. Delo*, 513 U.S. 298, 324-29 (1995). The first requirement is not met here.

The "newly discovered evidence" Petitioner raises appears to be primarily the fact that a rape kit was done on the victim and did not implicate him. This evidence is not new. Petitioner clearly knew the rape kit existed at least by February 20, 2010, when he wrote a letter saying he would not pay for the rape-kit analysis as was requested. (Doc. No. 21-5, at 7.) That was before he was convicted.

There is no other new evidence here either. Petitioner's mere rehashing of the evidence and alleged violations of his civil rights do not convince this Court that the exception applies. Indeed, the kernel of the Court's analysis regarding actual innocence is not whether Petitioner urgently believes there were errors--or whether there were indeed errors--in the state proceedings, but whether Petitioner is factually innocent. This factual innocence must also be supported with new evidence, which Petitioner has not provided.

## CONCLUSION

Having established that tolling does not apply here, the Court concludes that the limitation period expired on August 9, 2011--more than six years before this petition was filed on November 28, 2017. With no extraordinary circumstances deterring him from diligently pursuing his federal habeas claims, Petitioner inexcusably let his rights lie fallow for years. Petitioner's claims are thus inexcusably untimely.

**IT IS ORDERED** that the petition is **DENIED** and Respondent's motion to dismiss with prejudice is **GRANTED**. (Doc. No. 16.)

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 25th day of February, 2019.

BY THE COURT:

_____
CHIEF JUDGE ROBERT J. SHELBY
United States District Court